Elias Stavrinides
Kristi Stavrinides
1077 Hawthorne Cir.
Rohnert Park, CA 94928
707-483-7093
Plaintiffs in Pro Se

FILED

DEC 28 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elias Stavrinides,<br>Kristi Stavrinides,<br><br>       Plaintiffs,<br><br>vs.<br><br>Vin Di Bona, individually,<br>CARA COMMUNICATIONS CORPORATION<br>d/b/a/ Vin Di Bona Productions,<br><br>       Defendants. | Case No. 17-CV-5742-WHO<br>Hon. William H. Orrick<br><br>PLAINTIFFS OPPOSITION TO<br>DEFENDANTS MOTION TO<br>TRANSFER VENUE TO CENTRAL<br>DISTRICT OF CA<br><br>Date:        January 10, 2018<br>Time:        2:00 pm<br>Courtroom:  2 |

Please take notice that on the above date and time, or as soon thereafter as the matter may be heard, in Courtroom 2-17th Floor of the United States District Court located at 450 Golden Gate Avenue, San Francisco, California, Plaintiffs Elias & Kristi Stavrinides, will and hereby does move the Court under 28 USC §1404(A) for an order denying Defendants Motion to Transfer Venue to the Central District of California. Plaintiffs apologize for being tardy as we were in the middle of and affected by the North Bay Fires.

Dated: December 22, 2017        /s/ Elias Stavrinides
                                 Elias Stavrinides

                                 /s/ Kristi Stavrinides
                                 Kristi Stavrinides

PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO TRANSFER VENUE        - 1 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## STANDARD OF REVIEW FOR *PRO SE* PLEADINGS

Plaintiff admits to some technical missteps attributable to the learning curve. However, none of which is fatal to his claim as will be demonstrated below. The Plaintiff is proceeding without the benefit of legal counsel. Additionally, he is not a practicing attorney nor has he been trained in the complex study of law. As such, Plaintiff's pro se papers are to be construed liberally.[1] "A pro se litigant should be given a reasonable opportunity to remedy defects in his pleadings if the factual allegations are close to stating a claim for relief."[2] Accordingly such pleadings should be held to a less stringent standard than those drafted by licensed, practicing attorneys.[3] The Court is the Guardian of 'my' liberties and "Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings." In addition, in considering a motion under Rule 8 (a), courts should liberally construe the complaint of a pro se litigant in his or her favor.[4] "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[5]

## I. REASONS FOR NON-TRANSFER OF JURISDICTION

Plaintiffs object and oppose transfer of this case to another Jurisdiction for the following reasons:

    a.    Plaintiffs reside in the Jurisdiction the case was initiated and filed.

    b.    Plaintiffs created the video(s) (property) in this Jurisdiction.

    c.    Plaintiffs initially "contracted"/"sent" the video(s) to Defendants from this Jurisdiction.

    d.    Plaintiffs cancelled the "contracted"/"sent" agreement from this Jurisdiction.

---

[1] *Haines v. Kerner*, 404 U.S. 519-20, (1972).
[2] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[3] *Platsky v. CIA*, 953 F.2d 25, 26 28 (2nd Cir. 1991).
[4] in *MARIA APOSTOLIDIS v. JP MORGAN CHASE & CO.*, 2012

e. Plaintiffs were damaged while in this Jurisdiction.

f. Defendants claim Jurisdiction should be transferred down to Los Angeles due to original submittal of the electronic agreement. Defendants do not acknowledge Plaintiffs immediate cancellation of the agreement which is prior to Defendants damaging Plaintiffs.

g. After cancellation of the agreement, Defendants continued to attempt to contract with Plaintiffs, which Plaintiffs did not contract with. Plaintiff Elias Stavrinides never did agree to any contract for which half of the property is his.

h. 28 USC §1404(a) states for the convenience of parties and witnesses which does not apply to Plaintiff.

i. Transferring this case will NOT BE IN THE INTEREST OF JUSTICE.

j. Plaintiff has not consented to any transfer.

## II. CONCLUSION

1. Plaintiff has demonstrated all the transactions have occurred in this Jurisdiction.

2. Plaintiff has shown it is not proper to transfer this case to another Jurisdiction.

3. Plaintiff asserts that if any of this case is transferred it will cause harm to Plaintiffs.

4. Plaintiff has not consented to any transfer required under 28 U.S.C. § 1404(a).

5. Interest of Justice will not be served as required 28 U.S.C. § 1404(a).

6. Plaintiff declares enforcement of any purported forum-selection clause is unreasonable

7. Plaintiff requests that if any of this case is transferred to another Jurisdiction that Plaintiff have lease of court to appeal.

Dated: December 22, 2017

/s/ Elias Stavrinides
Elias Stavrinides

/s/ Kristi Stavrinides
Kristi Stavrinides

---

[5] Erickson v. Pardus, 551 U.S. 89, 93 (2007) (ellipsis in original; internal quotation marks omitted).

PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO TRANSFER VENUE - 3 -

# PROOF OF SERVICE

The undersigned declares as follows:

I am a resident of the County of Sonoma, State of California, and at the time of service I was over 18 years of age and not a party to this action. My address is

150 RALEY TOWN CENTER, STE 2512, ROHNERT PARK, CA 94928

On the below date:   I served the following document (s) described as:

OPPOSITION TO MOTION TO DISMISS 12B6-case 17 cv 5742

OPPOSITION CHANGE OF VENUE -case 17 cv 5742

I served the documents on the persons below, as follows:

DAVID FINK
KELLEY DRYE & WARREN LLP
10100 SANTA MONICA BOULEVARD, 23 FL
LOS ANGELES, CA 90067-4008

__X__   (BY MAIL) I placed said document(s) in a sealed envelope, with postage thereon fully prepaid for first class mail, and placed such envelope in the United States mail at Sonoma County, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 22, 2017 at Santa Rosa, California.

RONALD CUPP

(Type or Print Name of Declarant)        (Signature of Declarant)