Elias Stavrinides
Kristi Stavrinides
1077 Hawthorne Cir.
Rohnert Park, CA 94928
707-483-7093
Plaintiffs in Pro Se



~~ORIGINAL~~
FILED

DEC 28 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elias Stavrinides,<br>Kristi Stavrinides,<br><br>Plaintiffs,<br><br>vs.<br><br>Vin Di Bona, individually,<br>CARA COMMUNICATIONS CORPORATION<br>d/b/a/ Vin Di Bona Productions,<br><br>Defendants. | Case No. 17-CV-5742-WHO<br>Hon. William H. Orrick<br><br>PLAINTIFFS OPPOSITION TO<br>DEFENDANTS MOTION TO DISMISS<br>12B6<br><br>Date:       January 10, 2018<br>Time:      2:00 pm<br>Courtroom: 2 |

Please take notice that on the above date and time, or as soon thereafter as the matter may be heard, in Courtroom 2-17th Floor of the United States District Court located at 450 Golden Gate Avenue, San Francisco, California, Plaintiffs Elias & Kristi Stavrinides, will and hereby does move the Court under Fed.Civ.R 12(b)(6) for an order denying Defendants Motion to Dismiss, or in the alternative, leave of court to file a more definite statement and Amended Complaint. Plaintiffs apologize for being tardy as we were in the middle of and affected by the North Bay Fires.

Dated: December 22, 2017

/s/ Elias Stavrinides
Elias Stavrinides

/s/ Kristi Stavrinides
Kristi Stavrinides

PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS 12B6          - 1 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STANDARD OF REVIEW FOR *PRO SE* PLEADINGS

Plaintiff admits to some technical missteps attributable to the learning curve. However, none of which is fatal to his claim as will be demonstrated below. The Plaintiff is proceeding without the benefit of legal counsel. Additionally, he is not a practicing attorney nor has he been trained in the complex study of law. As such, Plaintiff's pro se papers are to be construed liberally.[1] "A pro se litigant should be given a reasonable opportunity to remedy defects in his pleadings if the factual allegations are close to stating a claim for relief."[2] Accordingly such pleadings should be held to a less stringent standard than those drafted by licensed, practicing attorneys.[3] The Court is the Guardian of 'my' liberties and "Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings." In addition, in considering a motion under Rule 8 (a), courts should liberally construe the complaint of a pro se litigant in his or her favor.[4] "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[5]

## II. STANDARD FOR DISMISSAL UNDER Fed.Civ.R.12(b)(6)

Motions to dismiss for failure to state a claim under Federal Rules of Civil Procedure, Rule 12(b)(6) are viewed with disfavor, and, accordingly, dismissals for failure to state a claim are "rarely granted."[6] The standard for dismissal under Rule 12(b)(6) is a stringent one. "[A]

---

[1] *Haines v. Kerner*, 404 U.S. 519-20, (1972).
[2] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[3] *Platsky v. CIA*, 953 F.2d 25, 26 28 (2nd Cir. 1991).
[4] in *MARIA APOSTOLIDIS v. JP MORGAN CHASE & CO.*, 2012
[5] *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (ellipsis in original; internal quotation marks omitted).
[6] *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

First Amended Complaint should not be dismissed for failure to state a claim unless it appears *beyond doubt* that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[7] The purpose of a motion under Federal Rule 12(b)(6) is to test the formal ssufficiency of the statement of the claim for relief in the First Amended Complaint.[8] The First Amended Complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true.[9]

It is **not** a procedure for resolving a contest about the facts or the merits of the case. In reviewing the sufficiency of the Complaint, the issue is not whether the Plaintiff will ultimately prevail, but whether the Plaintiff is entitled to offer evidence to support the claims asserted.[10] Furthermore, the U.S. Supreme Court has held that to survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, would "state a claim to relief that is plausible on its face"[11] Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at 94. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (citation and internal quotation marks omitted).

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." Id. at 679 (alteration in original; internal quotation marks and citation omitted).

### III. STANDARDS FOR PLAINTIFF

---

[7] *Hartford Fire Ins. Co. v.California, 509 U.S. 764, 811 (1993) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993)*.
[8] *Rutman Wine Co. v. E. &J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).
[9] *Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).*
[10] *Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).*
[11] *Bell Atlantic Corp. v. Twombly*, 55 US 544 (2007).

On a motion to dismiss, the allegations of the complaint must be accepted as true.[12] The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.[13] Thus the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged.[14]

In general, the complaint is construed favorably to the pleader.[15] So construed, the court may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief.[16] In spite of the deference the court is bound to pay to the plaintiff's allegations, however, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." [17]

## IV.    ADDRESSING DEFENDANTS SPECIFIC ARGUMENTS

Defendants 6 items listed before Para A-F in the 12b6 come down to the Defendants jist of their defense is that Kristi had submitted videos to Defendants and by doing so agreed to the agreement/contract she electronically "clicked" "agreed to". Has your Honor or even the Defendants even read any or all of the fine print when you "click" "agreed to" as you pass thru your electronic journey trying to get somewhere (example: have you completely read the *PACER* terms of use before using?). In this case Kristi was trying to submit videos to AFV that were made on her cell phone, which has a 3" screen. Of course the "contract" pops up that you must "agree to" before you proceed.

---

[12] *Cruz v. Beto, 405 U.S. 319, 322 (1972).*
[13] *Retail Clerks Intern. Ass'n., Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963).*
[14] *Wheeldin v. Wheeler, 373 U.S. 647, 648 (1963)* (inferring fact from allegations of complaint).
[15] *Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).*
[16] *Hishon v. King & Spalding, 467 U.S. 69 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).*
[17] *Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).*

And of course the "contract" is several typed pages long that is never read until such time as a legal disagreement. We agreed Kristi did "click" agreed to.

In this case, after submitting the videos on July 6, 2016, Plaintiff Kristi did read the contract and immediately removed her signature, via certified mail. ***This was before Defendants even began using Plaintiffs property.*** Defendants then called Plaintiffs and attempted to 'coherse" both Plaintiffs. Defendants then sent Plaintiffs a separate authorization for Elias to sign as the shooter of the video's, and Elias has never executed, signed, nor given permission for Defendants to use Plaintiffs property. On July 20, 2016 both Plaintiffs instructed Defendants they had no permission, authorization or legal authority to use Plaintiffs property.

Time goes by. Nothing is heard from Defendants. Then one day Kristi's is informed that her videos are being used on electronic platforms and in other videos.

Plaintiffs write a Notice of intent to commence an action via certified mail on July 19, 2017.

Here we are. ***<u>The graveman of the entire complaint and the Defendants Motion to dismiss is either Defendants had permission or authorization to use Elias and Kristi's videos (property); or they did not.</u>*** If they did, then Plaintiffs are wrong and will sua sponte dismiss the complaint with prejudice. If Defendants did not have legal permission and authorization, then Defendants knowingly, willfully, intentionally, and with malice and intent to mislead Plaintiffs by stealing and using property they knew or should have known was improperly obtained for their own financial gain.

The evidence is in that there was no **notice of intent to use or notice that they did use** given to Plaintiffs, **Defendants were silent.** If Kristi had not been informed of the unauthorized use by another, we would still not be here today as Defendants would still be "stealing" and "conspiring" by unfair business practices, property that was not theirs nor had authorization to use.

It is pure greed and theft, intentional. Each "share" or "like" as it was passed throughout the electronic world is a separate act, theft of property. Each act should be counted as a separate damage with its own financial penalty. It is evident prior to filing of the complaint that there are thousands of "shares" "likes" and intentional unauthorized uses.

Defendants then state that the money they made was "nominal", so it does not matter. But the video property was cut up and portions used in other videos, so we will not see until the "nominal" effects until such time as the money generated from all videos is accounted for after discovery.

## V. CONCLUSION

1. Plaintiff has demonstrated a prima facie case, wherein there are facts presented and in accordance with relief requested.

2. Plaintiff has shown it is not proper to dismiss his prima facie case under the Fed.Civ.R 12(b)(6) Motion.

3. Defendants Motion to Dismiss 12(b)(6) should be dismissed and Defendants held to answer.

4. Leave to amend should be granted even if the plaintiff did not request leave, unless it is clear that the complaint cannot be cured by the allegation of different or additional facts.[18] In determining whether to grant leave to amend a complaint, a district court is guided by Rule 15(a), which states that "leave shall be freely given when justice so requires."[19]

5. Plaintiff requests that if pleadings have not shown a prima facie case and is correctable by amendment clarifying or adding additional facts, leave of this court to amend is required, or in the alternative, leave for more definite statement.

---

[18] Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

[19] Allen v. City of Beverly Hills, 911 F.2d 367, 343 (9th Cir. 1990) (internal quotation marks omitted).

6. Plaintiff has stated a claim for which relief can be granted.

Dated: December 22, 2017

/s/ Elias Stavrinides
Elias Stavrinides

/s/ Kristi Stavrinides
Kristi Stavrinides

# PROOF OF SERVICE

The undersigned declares as follows:

I am a resident of the County of Sonoma, State of California, and at the time of service I was over 18 years of age and not a party to this action. My address is

150 RALEY TOWN CENTER, STE 2512, ROHNERT PARK, CA 94928

On the below date: I served the following document (s) described as:

OPPOSITION TO MOTION TO DISMISS 12B6-case 17 cv 5742

OPPOSITION CHANGE OF VENUE -case 17 cv 5742

I served the documents on the persons below, as follows:

DAVID FINK
KELLEY DRYE & WARREN LLP
10100 SANTA MONICA BOULEVARD, 23 FL
LOS ANGELES, CA 90067-4008

__X__ **(BY MAIL)** I placed said document(s) in a sealed envelope, with postage thereon fully prepaid for first class mail, and placed such envelope in the United States mail at Sonoma County, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 22, 2017 at Santa Rosa, California.

RONALD CUPP

(Type or Print Name of Declarant)        (Signature of Declarant)