**KELLEY DRYE & WARREN LLP**
 David E. Fink (State Bar No. 169212)
 Andreas Becker (State Bar No. 287258)
10100 Santa Monica Boulevard, 23rd Floor
Los Angeles, CA 90067-4008
Telephone: (310) 712-6100
Facsimile: (310) 712-6199
dfink@kelleydrye.com
abecker@kelleydrye.com

Attorneys for Defendants
Vin Di Bona and Cara
Communications Corporation

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| Elias Stavrinides, Kristi Stavrinides | Case No. 3:17-cv-05742-WHO |
| | (Assigned to Hon. William H. Orrick) |
| Plaintiffs, | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS VIN DI BONA AND CARA COMMUNICATIONS CORPORATION'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |
| v. Vin Di Bona, individually, CARA COMMUNICATIONS CORPORATION d/b/a/ Vin Di Bona Productions, | **F.R.C.P. 12(B)(6); 17 U.S.C. § 411(A)** |
| | [*Supplemental Declaration of David E. Fink; Declaration of Andreas Becker; And Reply Memorandum In Support Of Motion To Transfer Venue Filed Concurrently Herewith*] |
| Defendants. | Date: January 10, 2018<br>Time: 2:00 p.m.<br>Judge: Hon. William H. Orrick<br>Courtroom: 2 |
| | Action Filed: October 5, 2017<br>Trial Date: None Set |

4827-6738-4153

Defendants Vin Di Bona and Cara Communications Corporation ("Defendants") submit this reply memorandum in support of their Motion to Dismiss Plaintiffs' Complaint ("Motion").

## I.

## **INTRODUCTION**

Plaintiff Elias and Kristi Stavrinides' untimely opposition is more telling for what it concedes than what it contends. *First*, Plaintiffs' opposition was filed long past the deadline and should therefore be disregarded in its entirety. Plaintiffs are no strangers to misconduct before courts in this district, having previously been reprimanded in numerous cases for their failure to follow court orders and to file opposition papers. *Second*, Plaintiffs' opposition fails to address numerous arguments raised in Defendants' Motion, and therefore concedes those points, including:

- Plaintiffs concede that they failed to register the videos at issue in this dispute (the "Videos") with the U.S. Copyright Office, and that their claims are therefore barred under 17 U.S.C. § 411(a);

- Plaintiffs concede that Mrs. Stavrinides agreed to the terms of the agreements with Defendants at issue (the "Agreements") and, instead, limit their opposition to arguing that her personal decision to review those agreements on her cell phone renders them unenforceable (a position that has no merit, as discussed below);

- Plaintiffs concede that the terms of those Agreements bar outright their claims against Defendants, and that, if "Defendants had permission or authorization to use Elias and Kristi's videos" then "Plaintiffs are wrong and will sua sponte dismiss the complaint with prejudice." (Opp. at 5.);

- Plaintiffs concede that Elias Stavrinides' claims against Defendants are likewise barred as a matter of law;

- Plaintiffs concede that their state law claims are preempted and that their declaratory relief claim is both premature and duplicative, and therefore, that those claims should be dismissed; and

- Plaintiffs concede that their claims for statutory damages and attorneys' fees are barred as a matter of law since they failed to register the Videos as required by 17 U.S.C. § 412.

Because Plaintiffs do not challenge these positions in their opposition, Defendants do not address them herein. *Third*, Plaintiffs' untimely opposition is limited to arguing that Mrs. Stavrinides

made the decision to review the Agreements on her cell phone and therefore, according to Plaintiffs, she should therefore not be bound by their terms. As discussed at greater length below, this argument, ridiculous on its face, finds no support in the law and is entirely disingenuous.

For the reasons discussed in Defendants' Motion and herein, Defendants respectfully request that the Court dismiss this action with prejudice.

## II.

## PLAINTIFFS' UNTIMELY OPPOSITION SHOULD BE DISREGARDED

### A. Plaintiffs' Opposition Is Untimely And Can Be Disregarded

Plaintiffs Elias and Kristi Stavrinides failed to file oppositions to Defendants' Motion in a timely fashion, or even a week within the due date. Pursuant to Northern District Civil Local Rule 7-3(a), an opposition to a motion must be filed and served not more than fourteen (14) days after the motion was filed. Here, Defendants filed and served their Motion on December 4, 2017, and therefore Plaintiffs' opposition was due no later than December 18, 2017. No opposition was filed or served that day. Instead, Plaintiffs belatedly emailed Defendants a copy of their opposition a week later, just after 9 p.m. on Christmas day, December 25, 2017. (Supplemental Declaration of David E. Fink ("Supp. Fink Decl."), Ex. A.)[1] Essentially, Plaintiffs emailed their opposition on a holiday evening, the day before Defendants' reply memorandum would have been due, had plaintiffs filed a timely opposition. The prejudice to Defendants from Plaintiffs' stratagem is self-evident. Plaintiffs then waited until December 28, 2017 file their opposition (which was entered on the docket the following day), making it ten days late.[2] The Court may therefore disregard that

---

[1] The oppositions to both motions were purportedly served by mail on December 22, 2017 by Plaintiffs' unlicensed "attorney in fact," Ronald Cupp. (Supp. Fink Decl., Ex. A (email stating "[t]hese went out Friday" and attaching copies of oppositions with unsigned proofs of service dated December 22, 2017).) In Plaintiffs' December 25, 2017 email to Defendants, however, Mr. Cupp is included on the email and is asked by Elias Stavrinides to "[p]lease review" the documents he supposedly mail served three days prior. (*Id.*) Moreover, the documents' metadata reveals that the copies of the documents sent to Defendants were edited as late as December 23, 2017. (Declaration of Andreas Becker, ¶ 3.)

[2] If Plaintiffs had filed their opposition on time, Defendants would have filed and served this reply memorandum "not more than 7 days after the opposition was due," *i.e.*, by December 26, 2017. However, Plaintiffs' opposition did not appear on the online docket until past 9:00 p.m. on December 29, 2017, after the office of Defendants' counsel had closed for the holiday weekend.

opposition for failing to comply with the Local Rules' filing deadline.³ *E.g.*, *Chingyee Lengnou Xiong v. Veneman*, No. 1:02-CV-6525-SMS, 2005 WL 3557176, at *4 (E.D. Cal. Dec. 22, 2005) ("The Court in its discretion may refuse to consider matters that are not timely filed as a result of inexcusable neglect."); *Perdana Capital Inc. v. Chowdry*, No. C 09-1479 RS (JL), 2010 WL 11475933, at *2 (N.D. Cal. Sept. 2, 2010) ("Plaintiff's untimely opposition did not offer any explanation for failing to comply with the local rules, and thus may properly be disregarded[.]") (citing *Chingyee*).

### B. Plaintiffs Have Previously Been Reprimanded By Northern District Courts For Their Failure To Timely Oppose Motions And To Follow Court Rules And Orders

Plaintiffs have made a habit out of ignoring the rules in the Northern District of California. Plaintiffs have filed multiple lawsuits in this district and have repeatedly failed to prosecute those actions, failed to follow court orders, and – tellingly – failed to file oppositions to motions to dismiss, often leading to the dismissal of those cases. Plaintiffs cannot plead ignorance to the procedures in this court, or the consequences of failing to follow court rules, orders, and deadlines. Courts in this district have addressed Plaintiffs' misconduct and flatly rejected arguments based on Plaintiffs' supposed ignorance of the rules or their *pro per* status, *e.g.*:

- *Elias Stavrinides and Kristi Stavrinides v. Bell Home Loans, Inc., et al.*, Case No. 3:14-cv-00573-MMC (N.D. Cal.), **Dkt No. 28** (Order to Show Cause why Plaintiffs' case should not be dismissed for failure to prosecute, after Plaintiffs failed to appear as ordered at a regularly scheduled CMC); **Dkt No. 34** (Order granting defendants' motion to dismiss Plaintiffs' federal claims after Plaintiffs failed to file an opposition); **Dkt No. 36** (Order denying Plaintiffs' request to extend time after Plaintiffs failed to oppose defendant's motion to dismiss)[4];

---

Defendants have therefore filed this reply memorandum on the first day following that holiday weekend.

[3] In their opposition, Plaintiffs cite the North Bay Fires—which were contained by the end of October—as a basis for their delay. However, not once in prior correspondence with Defendants did Plaintiffs request an extension of time to file and serve their opposition papers. Instead, they waited until Christmas evening to surprise Defendants with their oppositions.

[4] That order determines, among other things, that Plaintiffs attempted to blame their failure to timely respond to the defendants' motion to dismiss on their *pro per* status. The Court rejected that argument: "[P]laintiffs state they are 'not represented by counsel,' have 'actively been seeking representative legal assistance,' and are 'not schooled in legal matters.'… [T]he Court notes that

4827-6738-4153                                    3
REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
CASE NO. 3:17-CV-05742-WHO

- *Elias Stavrinides v. Pacific Gas and Electric Company*, Case No. 3:15-cv-03118-WHA (N.D. Cal.), **Dkt No. 18** (Order to Show Cause why Mr. Stavrinides' case should not be dismissed for failure to prosecute after he failed to file an opposition to motion to dismiss; ordering him to file opposition or statement of non-opposition); **Dkt No. 26** (Order to Show Cause why case should not be dismissed for failure to prosecute after Mr. Stavrinides failed to respond to prior order to show cause; re-ordering plaintiff to file opposition or statement of non-opposition); **Dkt No. 27** (Order Dismissing Case for failure to prosecute after Mr. Stavrinides failed to respond to two prior orders to show cause); **Dkt No. 30** (Order denying Plaintiff's request for re-consideration, and rejecting, among other things, argument that Plaintiff "did not know he needed to respond to defendant's motion to dismiss"); and

- *Elias Stavrinides v. Pacific Gas and Electric Company*, Case No. 3:16-cv-00433-WHA (N.D. Cal.), **Dkt No. 16** (Order to Show Cause why Plaintiff failed to file a timely opposition to motion to dismiss); **Dkt No. 24** (Order re Motion to Dismiss, granting defendant's motion to dismiss on res judicata grounds, and discussing Plaintiff's prior failures to respond to orders to show cause).

Indeed, in numerous prior filings spanning the course of several years, Plaintiffs have provided the *exact* excuse, in "cut and paste" form, from their "Standard of Review for *Pro Se* Pleadings" herein, *i.e.*:

> Plaintiff [sic] admits to some technical missteps attributable to the learning curve. However, none of which is fatal to his [sic] claim as will be demonstrated below. The Plaintiff is [sic] proceeding without the benefit of legal counsel. Additionally, he is [sic] not a practicing attorney nor has he [sic] been trained in the complex study of law. As such, Plaintiff's [sic] pro se papers are to be construed liberally. "A pro se litigant should be given a reasonable opportunity to remedy defects in his pleadings if the factual allegations are close to stating a claim for relief." Accordingly such pleadings should be held to a less stringent standard than those drafted by licensed, practicing attorneys. The Court is the Guardian of 'my' [sic] liberties and "Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings."

*(Compare* Opp. at 2 *with Elias Stavrinides and Kristi Stavrinides v. Bell Home Loans, Inc., et al.*, Case No. 3:14-cv-00573-MMC, Dkt No. 9; *Ronald Cupp and Elias Stavrinides v. Katie Straley, et al.*, Case No. 3:15-cv-01565-JD, Dkt No. 10; *Elias Stavrinides v. Pacific Gas and Electric*

---

plaintiffs filed the instant action in state court on December 3, 2012 … and, over the course of the ensuing eighteen months, have proceeded to litigate the matter without assistance of counsel …. Under such circumstances, the instant request, even if considered on its merits, fails for lack of good cause." (*Id.*)

*Company*, Case No. 3:16-cv-00433-WHA, Dkt No. 17.) At bottom, Plaintiffs cannot plead ignorance of the consequences of their failure to oppose Defendants' Motion in a timely manner, being intimately familiar with the procedures for litigating in this district and the consequences of disregarding court rules and procedures and of failing to timely respond to a motion to dismiss.[5]

## III.

## THIS CASE SHOULD BE DISMISSED WITH PREJUDICE

Even were the Court to consider Plaintiffs' untimely opposition, dismissal is nevertheless mandated by well-established law. As already discussed, Plaintiffs' opposition does not address numerous, material arguments raised in Defendants' Motion. Instead, the gravamen of Plaintiffs' opposition is that Mrs. Stavrinides failed to read carefully the agreements at issue because she decided to review them on her cell phone. (Opp. at 4, 5.) This position, raised for the first time in Plaintiffs' opposition, actually supports the conclusion that Plaintiffs' complaint should be dismissed – Mrs. Stavrinides' sole defense for allegedly not reading the contracts is that *she decided* to open them on her cell phone. This argument lacks merit on its face.

Plaintiffs separately request leave to amend. However, as discussed in Defendants' Motion, leave to amend would not cure the numerous defects in Plaintiffs' Complaint. Mrs. Stavrinides does not deny—and even concedes—that she signed the agreements at issue. The plain and unambiguous terms of those agreements would not change if Plaintiffs were granted leave to amend. As such, this case should be dismissed with prejudice.

### A. Mrs. Stavrinides' Alleged Decision To Review The Agreements On Her Cell Phone Does Not Affect Their Enforceability

Plaintiffs do not dispute that Mrs. Stavrinides agreed to the terms of the "Home Video Description Form" and the "Exclusive Grant of Rights, Appearance and Shooter Release"

---

[5] The fact that Plaintiffs, particularly Elias Stavrinides, have repeatedly brought frivolous lawsuits that were dismissed due to their failure to prosecute and based on their disregard for court orders may ultimately warrant a determination that they are vexatious litigants. *E.g.*, *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (listing factors to be considered, including, among others, frivolousness). Defendants reserve their right to seek entry of such an order.

(collectively, the "Agreements") when she submitted the Videos to America's Funniest Home Videos ("AFV"). (*E.g.*, Opp. at 5 ("We agreed [sic] Kristi did 'click' agreed to.").)[6] Instead, they take the position that Mrs. Stavrinides should not be bound by those Agreements because *she made the decision* (allegedly) to review those Agreements on her phone. (Opp. at 4, 5.) Even taking this argument as though it were true, it is nevertheless a nonstarter. Mrs. Stavrinides was free to review the Agreements on whatever device or in whatever manner she chose. She was under no obligation to review them at any particular time or within any particular time period. She cannot blame Defendants for her poor decision (allegedly) to read the Agreements on her phone.

As discussed in Defendants' Motion, a "cardinal rule of contract law is that a party's failure to read a contract, or to carefully read a contract, before signing it is no defense to the contract's enforcement." *Desert Outdoor Advert. v. Superior Court*, 196 Cal. App. 4th 866, 872 (2011); *see also Brown v. Wells Fargo Bank, NA*, 168 Cal. App. 4th 938, 959 (2008) ("Generally, it is *not reasonable* to fail to read a contract …. Reasonable diligence requires a party to read a contract before signing it.") (emphasis in original; citations omitted); *Madden v. Kaiser Found. Hosps.*, 17 Cal. 3d 699, 710 (1976) (noting the "general rule that one who assents to a contract is bound by its provisions and cannot complain of unfamiliarity with the language of the instrument"). Plaintiffs' arguments about the Agreements' enforceability is therefore closed at the outset.

Nevertheless, Plaintiffs take the argument one step further. Whereas their complaint merely alleged that Mrs. Stavrinides could not read the text because it was too small, Plaintiffs now take the position (in their opposition) that Mrs. Stavrinides should not be bound by the Agreements because *she unilaterally made the decision* to open those contracts on her cell phone. Plaintiffs apparently seek to create an escape clause by which any contracting party can avoid his

---

[6] Although Plaintiffs do not dispute that an online signature is valid, such an argument would likewise be a nonstarter. California and federal law both treat an electronic signature with equal force as a physical signature under, respectively, the Uniform Electronic Transactions Act, Civ. Code § 1633.1, *et seq.*, and the Electronic Signatures in Global and National Commerce (E-Sign) Act, 15 U.S.C. § 7001, *et seq.*

or her contractual obligations just by reading a contract on a small device. Nonsense. Mrs. Stavrinides was not required – or even encouraged – to open these documents on a small, mobile device, nor do Plaintiffs allege as much. She had numerous ways in which she could have reviewed the Agreements in a larger format, including by reviewing them on a computer, where she could have zoomed in on the text,[7] or by printing the documents so the she, her husband, or any other third party could read them. Whatever it may have been that prompted her (alleged) ill-informed decision to open those documents on a mobile device, the point is that *she made the decision* to do so. Mrs. Stavrinides cannot now evade the terms of those Agreements and strip the Defendants of the rights she transferred to them because of her poor decision making.[8]

On top of being legally unsupported, Plaintiffs' argument is entirely disingenuous. Mrs. Stavrinides did not merely "'click' agreed to" when she entered into the Agreements with Defendants. (Opp. at 5.) Instead, she (i) checked off numerous boxes, including ones where she indicated that she was both the owner and shooter of the Videos; (ii) filled out information including her name and contact information; and (iii) electronically signed the Agreements via an application called DocuSign. Each of these steps required her to read the terms of the Agreements, including so that she could fill out the correct contact information. She clearly was able to read the Agreements.[9]

Finally, Plaintiffs' argument simply disregards the nature of the transaction between Mrs. Stavrinides and Defendants. She submitted Videos to Defendants so that they might be shown on AFV, a television show, to have the Videos considered to be shown on television or online. The very nature of this transaction would require her to give Defendants the permission and right to

/ / /

---

[7] Notably, many (if not most) cell phone applications would equally have allowed Mrs. Stavrinides to zoom in on the text of the Agreements.

[8] The substance of the Agreements is discussed in detail in Defendants' Motion. Among other things, however, Mrs. Stavrinides irrevocably transferred and separately licensed all of her rights in the Videos to Defendants.

[9] Moreover, if Mrs. Stavrinides is sophisticated enough to upload videos and fill out contracts on her cell phone, she is also sophisticated enough to know that a cell phone was not her only option for doing those things.

use those Videos. Mrs. Stavrinides simply cannot claim, with an ounce of credibility, that she did not know she was giving the Defendants the right to use the Videos.

### B. Dismissal With Prejudice Is Appropriate—The Defects In Plaintiffs' Complaint Cannot Be Cured Via Amendment

Plaintiffs seek leave to amend their complaint, which should be denied. Dismissal should be granted with prejudice where amendment would be futile. *E.g., Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir.), *amended*, 856 F.2d 111 (9th Cir. 1988) ("[I]f a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied, even if prior to a responsive pleading, if amendment of the complaint would be futile."); *Dougherty v. City of Covina*, 654 F.3d 892, 901 (9th Cir. 2011) (same, quoting *Albrecht*). Where the complaint cannot be saved by amendment, dismissal with prejudice and without leave to amend is proper. *E.g., Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Here, granting Plaintiffs leave to amend would not alter the plain and unambiguous language of the Agreements, which irrevocably grant Defendants the unfettered right to exploit the Videos, both pursuant to a transfer and a license. The four corners of those documents are case dispositive, and Plaintiffs do not dispute the terms or existence of the Agreements. As the defects in Plaintiffs' complaint cannot be cured via amendment, dismissal with prejudice and without leave to amend is appropriate.

## IV.

## CONCLUSION

For all the forgoing reasons, as well as those discussed in their Motion, Defendants respectfully request that the Court dismiss this action in its entirety and with prejudice.

DATED: January 2, 2018

KELLEY DRYE & WARREN LLP
David E. Fink
Andreas Becker

By: /s/ David E. Fink
David E. Fink
Attorneys for Defendants
Vin Di Bona and Cara Communications
Corporation