**KELLEY DRYE & WARREN LLP**
  David E. Fink (State Bar No. 169212)
  Andreas Becker (State Bar No. 287258)
10100 Santa Monica Boulevard, 23rd Floor
Los Angeles, CA 90067-4008
Telephone:    (310) 712-6100
Facsimile:    (310) 712-6199
dfink@kelleydrye.com
abecker@kelleydrye.com

Attorneys for Defendants
Vin Di Bona and Cara
Communications Corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| Elias Stavrinides, Kristi Stavrinides<br><br>Plaintiffs,<br><br>v.<br><br>Vin Di Bona, individually, CARA COMMUNICATIONS CORPORATION d/b/a/ Vin Di Bona Productions,<br><br>Defendants. | Case No. 3:17-cv-05742-WHO<br><br>(Assigned to Hon. William H. Orrick)<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS VIN DI BONA AND CARA COMMUNICATIONS CORPORATION'S MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>**28 U.S.C. § 1404(A)**<br><br>[*Supplemental Declaration of David E. Fink; Declaration of Andreas Becker; And Reply Brief In Support Of Motion To Dismiss Plaintiff's Complaint Filed Concurrently Herewith*]<br><br>Date:    January 10, 2018<br>Time:    2:00 p.m.<br>Judge:    Hon. William H. Orrick<br>Courtroom:    2<br><br>Action Filed:    October 5, 2017<br>Trial Date:    None Set |

Defendants Vin Di Bona and Cara Communications Corporation ("Defendants") submit this reply memorandum in support of their Motion to Transfer Venue to the Central District of California ("Motion").

I.

## INTRODUCTION

Plaintiff Elias and Kristi Stavrinides' untimely opposition to Defendants' Motion fails to address virtually every argument raised in that Motion. Instead, Plaintiffs summarily argue that Mrs. Stavrinides should not be bound to the contracts that she voluntarily entered into with Defendants. As a matter of law, however, she *is* bound to those contracts. Moreover, Plaintiffs argue that their residence and conduct in the Northern District of California should prevent the Court from transferring this action to the Central District, entirely disregarding the Supreme Court's *Atlantic Marine* holding that a forum selection clause, like the one at issue here, should be given controlling weight in all but the most exceptional cases. Even absent such a binding forum selection clause, Plaintiffs also fail to address the factors undertaken by courts in applying a traditional 28 U.S.C. § 1404(a) analysis. Plaintiffs entirely fail to support their argument that the Court should not transfer this action. Under either the abbreviated *Atlantic Marine* analysis or a traditional Section 1404(a) analysis, transfer to the Central District of California is appropriate in this action.

II.

## PLAINTIFFS' UNTIMELY OPPOSITION SHOULD BE DISREGARDED

**A.   Plaintiffs' Opposition Is Untimely And Can Be Disregarded**

Plaintiffs Elias and Kristi Stavrinides failed to file oppositions to Defendants' Motion in a timely fashion, or even a week within the due date. Pursuant to Northern District Civil Local Rule 7-3(a), an opposition to a motion must be filed and served not more than fourteen (14) days after the motion was filed. Here, Defendants filed and served their Motion on December 4, 2017, and therefore Plaintiffs' opposition was due no later than December 18, 2017. No opposition was filed or served that day. Instead, Plaintiffs belatedly emailed Defendants a copy of their opposition a week later, just after 9 p.m. on Christmas day, December 25, 2017. (Supplemental Declaration of

David E. Fink ("Supp. Fink Decl."), Ex. A.)[1]  Essentially, Plaintiffs emailed their opposition on a holiday evening, the day before Defendants' reply memorandum would have been due, had Plaintiffs filed a timely opposition.  The prejudice to Defendants from Plaintiffs' stratagem is self-evident.  Plaintiffs then waited until December 28, 2017 file their opposition (which was entered on the docket the following day), making it ten days late.[2]  The Court may therefore disregard that opposition for failing to comply with the Local Rules' filing deadline.[3]  *E.g.*, *Chingyee Lengnou Xiong v. Veneman*, No. 1:02-CV-6525-SMS, 2005 WL 3557176, at *4 (E.D. Cal. Dec. 22, 2005) ("The Court in its discretion may refuse to consider matters that are not timely filed as a result of inexcusable neglect."); *Perdana Capital Inc. v. Chowdry*, No. C 09-1479 RS (JL), 2010 WL 11475933, at *2 (N.D. Cal. Sept. 2, 2010) ("Plaintiff's untimely opposition did not offer any explanation for failing to comply with the local rules, and thus may properly be disregarded[.]") (citing *Chingyee*).

B. **<u>Plaintiffs Have Previously Been Reprimanded By Northern District Courts For Their Failure To Timely Oppose Motions And To Follow Court Rules And Orders</u>**

Plaintiffs have made a habit out of ignoring the rules in the Northern District of California.  Plaintiffs have filed multiple lawsuits in this district and have repeatedly failed to prosecute those

---

[1] The oppositions to both motions were purportedly served by mail on December 22, 2017 by Plaintiffs' unlicensed "attorney in fact," Ronald Cupp. (Supp. Fink Decl., Ex. A (email stating "[t]hese went out Friday" and attaching copies of oppositions with unsigned proofs of service dated December 22, 2017).)  In Plaintiffs' December 25, 2017 email to Defendants, however, Mr. Cupp is included in the email and is asked by Elias Stavrinides to "[p]lease review" the documents he supposedly mail served three days prior.  (*Id.*)  Moreover, the documents' metadata reveals that the copies of the documents sent to Defendants were last edited on December 23, 2017. (Declaration of Andreas Becker, ¶ 3.)

[2] If Plaintiffs had filed their opposition on time, Defendants would have filed and served this reply memorandum "not more than 7 days after the opposition was due," *i.e.*, by December 26, 2017. However, Plaintiffs' opposition did not appear on the online docket until past 9:00 p.m. on December 29, 2017, after the office of Defendants' counsel had closed for the holiday weekend. Defendants have therefore filed this reply memorandum on the first day following that holiday weekend.

[3] In their opposition, Plaintiffs cite the North Bay Fires—which were contained by the end of October—as a basis for their delay.  However, not once in prior correspondence with Defendants did Plaintiffs request an extension of time to file and serve their opposition papers.  Instead, they waited until Christmas evening to surprise Defendants with their oppositions.

actions, failed to follow court orders, and – tellingly – failed to file oppositions to motions, often leading to the dismissal of those cases. Plaintiffs cannot plead ignorance to the procedures in this court, nor the consequences of failing to follow court rules, orders, and deadlines. Courts in this district have addressed Plaintiffs' misconduct and flatly rejected arguments based in Plaintiffs' supposed ignorance of the rules or their *pro per* status, *e.g.*:

- *Elias Stavrinides and Kristi Stavrinides v. Bell Home Loans, Inc., et al.*, Case No. 3:14-cv-00573-MMC (N.D. Cal.), **Dkt No. 28** (Order to Show Cause why Plaintiffs' case should not be dismissed for failure to prosecute, after Plaintiffs failed to appear as ordered at a regularly scheduled CMC); **Dkt No. 34** (Order granting defendants' motion to dismiss Plaintiffs' federal claims after Plaintiffs failed to file an opposition); **Dkt No. 36** (Order denying Plaintiffs' request to extend time after Plaintiffs failed to oppose defendant's motion to dismiss)[4];

- *Elias Stavrinides v. Pacific Gas and Electric Company*, Case No. 3:15-cv-03118-WHA (N.D. Cal.), **Dkt No. 18** (Order to Show Cause why Mr. Stavrinides' case should not be dismissed for failure to prosecute after he failed to file an opposition to motion to dismiss; ordering him to file opposition or statement of non-opposition); **Dkt No. 26** (Order to Show Cause why case should not be dismissed for failure to prosecute after Mr. Stavrinides failed to respond to prior order to show cause; re-ordering plaintiff to file opposition or statement of non-opposition); **Dkt No. 27** (Order Dismissing Case for failure to prosecute after Mr. Stavrinides failed to respond to two prior orders to show cause); **Dkt No. 30** (Order denying Plaintiff's request for re-consideration, and rejecting, among other things, argument that Plaintiff "did not know he needed to respond to defendant's motion to dismiss"); and

- *Elias Stavrinides v. Pacific Gas and Electric Company*, Case No. 3:16-cv-00433-WHA (N.D. Cal.), **Dkt No. 16** (Order to Show Cause why Plaintiff failed to file a timely opposition to motion to dismiss); **Dkt No. 24** (Order re Motion to Dismiss, granting defendant's motion to dismiss on res judicata grounds, and discussing Plaintiff's prior failures to respond to orders to show cause).

/ / /

---

[4] That order determines, among other things, that Plaintiffs attempted to blame their failure to timely respond to the defendants' motion to dismiss on their *pro per* status. The Court rejected that argument: "[P]laintiffs state they are 'not represented by counsel,' have 'actively been seeking representative legal assistance,' and are 'not schooled in legal matters.'… [T]he Court notes that plaintiffs filed the instant action in state court on December 3, 2012 … and, over the course of the ensuing eighteen months, have proceeded to litigate the matter without assistance of counsel …. Under such circumstances, the instant request, even if considered on its merits, fails for lack of good cause." (*Id.*)

Indeed, in numerous prior filings spanning the course of multiple years, Plaintiffs have provided the *exact* excuse, in "cut and paste" fashion, from their "Standard of Review for *Pro Se* Pleadings" herein, *i.e.*:

> Plaintiff [sic] admits to some technical missteps attributable to the learning curve. However, none of which is fatal to his [sic] claim as will be demonstrated below. The Plaintiff is [sic] proceeding without the benefit of legal counsel. Additionally, he is [sic] not a practicing attorney nor has he [sic] been trained in the complex study of law. As such, Plaintiff's [sic] pro se papers are to be construed liberally. "A pro se litigant should be given a reasonable opportunity to remedy defects in his pleadings if the factual allegations are close to stating a claim for relief." Accordingly such pleadings should be held to a less stringent standard than those drafted by licensed, practicing attorneys. The Court is the Guardian of 'my' liberties [sic] and "Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings."

(*Compare* Opp. at 2 *with Elias Stavrinides and Kristi Stavrinides v. Bell Home Loans, Inc., et al.*, Case No. 3:14-cv-00573-MMC, Dkt No. 9; *Ronald Cupp and Elias Stavrinides v. Katie Straley, et al.*, Case No. 3:15-cv-01565-JD, Dkt No. 10; *Elias Stavrinides v. Pacific Gas and Electric Company*, Case No. 3:16-cv-00433-WHA, Dkt No. 17.) At bottom, Plaintiffs cannot plead ignorance of the consequences of their failure to oppose Defendants' Motion in a timely manner, being intimately familiar with the procedures for litigating in this district and the consequences of disregarding court rules and procedures and of failing to timely respond to motions.[5]

## III.

## THIS CASE SHOULD BE TRANSFERRED TO THE CENTRAL DISTRICT

Even were the Court to consider Plaintiffs' untimely opposition, transfer would nevertheless be warranted (absent outright dismissal of this action, as requested in Defendants' Motion to Dismiss). Plaintiffs do not dispute the existence of the agreements at issue between Mrs. Stavrinides and the Defendants (the "Agreements"), nor that those Agreements contain valid forum selection clauses granting exclusive jurisdiction to state and federal courts in Los Angeles.

---

[5] The fact that Plaintiffs, particularly Elias Stavrinides, have repeatedly brought frivolous lawsuits that were dismissed due to their failure to prosecute and based on their disregard for court orders may ultimately warrant a determination that they are vexatious litigants. *E.g.*, *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (listing factors to be considered, including, among others, frivolousness). Defendants reserve their right to seek entry of such an order.

1  Instead, Plaintiffs' opposition largely parrots the arguments they make in opposition to
2  Defendants' Motion to Dismiss—namely, that they unilaterally "cancelled" the agreements with
3  Defendants. As discussed in the Motion to Dismiss, that argument lacks all merit (Dkt No. 11 at
4  11-12).

5  Plaintiffs also summarily take the position that transfer would not be in the interest of
6  justice, without providing any support for that position other than their own residence and conduct
7  in this district, and their personal desire to haul Defendants, who are Los Angeles-based, to litigate
8  in this district. Plaintiffs' argument fails to consider the abbreviated 28 U.S.C. § 1404 transfer
9  analysis undertaken by courts in the face of a valid forum selection clause, which mandates
10 transfer in all but the most exceptional circumstances. It also fails to address the factors
11 considered by courts in undertaking a traditional § 1404 transfer analysis (applied absent the
12 existence of a forum selection clause), which also militate in favor of transfer.

### A. <u>Kristi Stavrinides Could Not Unilaterally Rescind The Parties' Agreements</u>

Section 1689 of the California Civil Code identifies the specific circumstances under which parties to a contract can unilaterally rescind an agreement. *See* Cal. Civ. Code § 1689 (unilateral rescission only for mistake, fraud, failure of consideration, etc.). No grounds for unilateral rescission exist here. Rather, after Mrs. Stavrinides executed the Agreements and voluntarily transmitted the videos at issue ("Videos") to Defendants, she merely claimed that she was "withdrawing her signature" from the Agreements, despite having irrevocably granted to Defendants her rights in the Videos (including all copyrights therein). Her attempted, unilateral rescission finds no support in the law. *E.g., Mosier v. Phoenix Life Ins. Co.*, No. CV 12-227 PSG (EX), 2012 WL 12888671, at *8 (C.D. Cal. Aug. 7, 2012) ("Absent a valid basis [under Section 1689] for rescinding the Policies, the Receiver is not entitled to a declaration that the Policies are void."); *Richards v. Oliver*, 162 Cal. App. 2d 548, 566 (1958) ("In the absence of fraud, misrepresentations or mistake, parties cannot be relieved from their voluntary contracts on the ground alone that they constituted a mistake in business judgment or are improvident."); *Cherney v. Johnson*, 72 Cal. App. 725, 734 (Cal. Ct. App. 1925) ("Parties cannot be relieved from their voluntary contracts, however, on the mere ground that they are improvident."). Mrs. Stavrinides

simply cannot change her mind and render the Agreements void or unenforceable. That is not the law.

She likewise could not unilaterally revoke her license to Defendants. Though the Copyright Act provides that an author can terminate a license, he or she can **only do so "during a period of five years beginning at the end of thirty-five years from the date of execution of the grant**[.]" 17 U.S.C. § 203(a)(3) (emphasis added); *see also Ray Charles Found. v. Robinson*, 795 F.3d 1109, 1113 (9th Cir. 2015) ("Under this statute, termination of a copyright grant may be effected at any time during a five-year period, starting 35 years after the execution of the grant."); *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 585 (9th Cir. 1993) ("Under Section 203 of the Copyright Act, licensing agreements are not terminable at will from the moment of creation; instead, they are terminable at the will of the author only during a five year period beginning at the end of thirty-five years from the date of execution of the license unless they explicitly specify an earlier termination date."). Thus, at the very earliest, Mrs. Stavrinides' license to Defendants could be terminated beginning in the year 2051.

**B.     *Atlantic Marine*'s Abbreviated Section 1404(a) Analysis Mandates Transfer**

Defendants' Motion sets forth in greater detail the Supreme Court's truncated Section 1404(a) analysis under *Atlantic Marine*, applied when the parties' contract contains a valid forum selection clause. As the Court held, "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 579 (2013) (citations and quotations omitted). In the face of a valid forum selection clause, a "plaintiff's choice of forum merits no weight" and, indeed, the "plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* at 581. Moreover, any private interests, including arguments about inconvenience for the plaintiffs, are to be construed as weighing entirely in favor of transfer to the parties' preselected forum. *Id.* at 582. Because public interest factors will "rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* Here, a valid, binding forum selection clause exists between Mrs. Stavrinides and Defendants, which grants exclusive jurisdiction to Los Angeles courts. Plaintiffs do not dispute that fact, only

contending—incorrectly—that Mrs. Stavrinides was free to unilaterally revoke those agreements. In reality, and as discussed above, Mrs. Stavrinides remains bound by the contracts she signed.

Defendants' Motion also sets forth the reasons why Elias Stavrinides is likewise bound by the parties' forum selection clause, including that he is "closely related" to the Agreements by virtue of his being an alleged copyright co-creator as well as being Mrs. Stavrinides' husband, and because his claims will necessarily require interpretation of those Agreements. Plaintiffs do not dispute these conclusions in their opposition.

Finally, Plaintiffs do not dispute that there are *no* public interest factors that weigh against transfer in this case. For these reasons, *Atlantic Marine*'s abbreviated Section 1404(a) analysis mandates transfer of this case to the Central District.

C. **The Traditional Section 1404(a) Analysis Equally Favors Transfer**

Although the abbreviated *Atlantic Marine* analysis governs this Motion, Defendants' Motion also discussed the reasons why a traditional Section 1404(a) analysis equally favors transfer. Plaintiffs do not dispute those reasons, but instead argue that their residence and conduct in the Northern District, and their desire to litigate here, should prevent this case from being transferred. Plaintiffs' argument entirely disregards numerous factors to be considered by Courts in making a traditional Section 1404(a) determination.

Notably, "the convenience and cost of attendance of witnesses" is the most important factor in the § 1404(a) transfer analysis. *Newthink LLC v. Lenovo (U.S.) Inc.*, No. 2:12-cv-5443-ODW(JCx), 2012 WL 6062084, at *1 (C.D. Cal. Dec. 4, 2012). This action, should it proceed beyond the pleading stage, will rely primarily on testimony from the parties and Defendants' witnesses, who live and reside in Los Angeles County. (Mot. at 10.) Similarly, Defendants' records that are potentially relevant to Plaintiffs' claims are stored at Defendants' Los Angeles headquarters. (*Id.*) "[E]ven if these documents could be produced electronically, the cost of litigation will still likely be less if the case was venued in the forum where these documents are located." *Id.* at *2. Plaintiffs do not identify any non-party witnesses or records that reside in the Northern District of California. (*See generally* Opp.) Accordingly, these factors weigh in favor of transfer.

Moreover, as already discussed, the parties have a binding forum selection clause. Mrs. Stavrinides agreed to litigate this dispute in Los Angeles County. The fact that she decided to file this lawsuit alongside her husband should not change that calculus, nor deprive Defendants of the benefit of their bargain.

These factors, considered in a traditional Section 1404(a) analysis, all militate in transfer of transfer.

## IV.

## **CONCLUSION**

For all of the foregoing reasons, as well as the reasons set forth in Defendants' Motion, unless the Court dismisses this action in its entirety, Defendants respectfully request that the Court transfer this action to the Central District of California.

DATED: January 2, 2018

KELLEY DRYE & WARREN LLP
David E. Fink
Andreas Becker

By: /s/ David E. Fink
David E. Fink
Attorneys for Defendants
Vin Di Bona and Cara Communications Corporation