**KELLEY DRYE & WARREN LLP**
  David E. Fink (State Bar No. 169212)
  Andreas Becker (State Bar No. 287258)
10100 Santa Monica Boulevard, 23rd Floor
Los Angeles, CA 90067-4008
Telephone:   (310) 712-6100
Facsimile:    (310) 712-6199
dfink@kelleydrye.com
abecker@kelleydrye.com

Attorneys for Defendants
Vin Di Bona and Cara
Communications Corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| Elias Stavrinides, Kristi Stavrinides<br><br>Plaintiffs,<br><br>v.<br><br>Vin Di Bona, individually, CARA COMMUNICATIONS CORPORATION d/b/a/ Vin Di Bona Productions,<br><br>Defendants. | Case No. 3:17-cv-05742-WHO<br><br>(Assigned to Hon. William H. Orrick)<br><br>**DEFENDANTS VIN DI BONA AND CARA COMMUNICATIONS CORPORATION'S CASE MANAGEMENT STATEMENT**<br><br>[*Declaration of Andreas Becker Filed Concurrently Herewith*]<br><br>Date: January 10, 2018<br>Time: 2:00 p.m.<br>Judge: Hon. William H. Orrick<br>Courtroom: 2<br><br>Action Filed: October 5, 2017<br>Trial Date: None Set |

4850-9183-5737

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Rule 16-9(a) of the Local Civil Rules for the United States District Court for the Northern District of California, and the Standing Order for All Judges of the Northern District of California, Defendants Vin Di Bona and Cara Communications Corporation ("Cara") (collectively, "Defendants") hereby submit their Case Management Statement.[1]

## A. Jurisdiction and Service

Venue in this case is improper. The state and federal courts of Los Angeles County have exclusive jurisdiction over this dispute pursuant to the binding, exclusive forum selection clause in the agreements entered into by and between Mrs. Stavrinides and Defendants, as set forth in greater detail in Defendants' Motion to Transfer Venue to the Central District of California ("Motion to Transfer"). Plaintiffs have also failed to register the copyright at issue in this dispute, a prerequisite to suit under 17 U.S.C. § 411(a), as set forth in greater detail in Defendants' Motion

---

[1] Plaintiffs Elias and Kristi Stavrinides are Plaintiffs in *pro per*. Local Rule 16-9(a) thus permits the parties to file separate case management statements. Nevertheless, Defendants attempted to jointly prepare and file a Joint Case Management Statement, which efforts proved unsuccessful. As part of those efforts, counsel for Defendants attempted to meet and confer with Plaintiffs, as required by Rule 26 of the Federal Rules of Civil Procedure. (*See* Declaration of Andreas Becker ("Becker Decl."), Ex. A.) Instead of substantively meeting and conferring with Defendants' counsel, Plaintiffs instead insisted that Defendants' counsel merely insert statements sent in a Word document from Plaintiffs' "attorney in fact" Ronald Cupp (who is not a practicing lawyer) into a joint case management statement. (*Id.*, Ex. B (email from Mr. Cupp stating "Please insert our position and items in the joint CMC statement and send me final copy. Please file for both of us.").) Defendants disagreed that this constituted a proper meet and confer as required by Rule 26, and informed Plaintiffs of the same. (*See id*., Ex. C.)

Counsel for Defendants thereafter had separate phone calls with each Plaintiff in an effort to meet and confer. Mr. Cupp was a party to both calls, at Plaintiffs' insistence. Those calls were unproductive, however, as Plaintiffs informed Defendants' counsel that they did not want to substantively meet and confer pursuant to Rule 26, including to discuss those topics included in the Standing Order for All Judges in the Northern District of California. (*See id*., Ex. D.) Given the unproductive nature of those calls, Defendants' counsel agreed, albeit reluctantly, to insert Plaintiffs' statements as attached to Mr. Cupp's email. (*Id.*) Defendants' counsel nevertheless reminded Plaintiffs, again, that the parties had an obligation to meet and confer under Rule 26 and that Defendants had attempted on numerous occasions to do so. (*Id.*)

Counsel for Defendants thereafter prepared a draft Joint Case Management Statement, which was sent to Plaintiffs via email on December 29, 2017. (*See id.,* Ex. E.) In that email, Defendants' counsel made clear that both Plaintiffs needed to sign the Joint Case Management Statement, that the statement needed to be filed by January 2, 2018 (a deadline based on the original January 9, 2018 CMC hearing date), and that Plaintiffs' signatures needed to be received prior to the morning of January 2, 2018 to be included as part of a Joint Case Management Statement. (*Id.*) Plaintiffs did not respond to that email, nor did they send their signatures for inclusion in a joint statement. (*Id*., ¶ 7.)

to Dismiss Plaintiffs' Complaint ("Motion to Dismiss"). At this time, Defendants have not answered the complaint nor asserted any counterclaims. To the extent this action is not dismissed at the motion to dismiss stage, Defendants anticipate filing a counterclaim against Mrs. Stavrinides for, among other things, breach of contract, as well as seeking an indemnification and a defense.

**B.  Factual Background**

Defendants are the producers of the hit television program America's Funniest Home Videos ("AFV"). Kristi Stavrinides submitted two videos (the "Videos") to Defendants for consideration to be shown on AFV and for consideration to be entered into AFV's contest. As part of submitting those Videos to Defendants, Mrs. Stavrinides entered into agreements with Defendants—specifically, for each video, she entered into both a Home Video Description Form ("Form") as well as an Exclusive Grant of Rights, Appearance and Shooter Release ("Release" and, collectively with the Form, the "Agreements"). In the Agreements, Mrs. Stavrinides:

1. Represented that she was the owner *and* shooter of the Videos;
2. Represented and warranted under penalty of perjury that, among other things, (a) she was the sole and exclusive owner of the Videos, either because she shot the Videos or the shooter of the Videos transferred all copyright in the Videos to her; (b) she had the full right and authority to enter into the Agreements; (c) Defendants' exploitation of the Videos did not violate the rights of others; (d) she had not falsely identified anyone involved in the shooting of the Videos; and (e) she had obtained all necessary consents and permissions for Defendants to exploit the rights in the Videos;
3. Irrevocably granted to Defendants sole and exclusive ownership of all right, title and interest in and to the Videos, including, without limitation, all copyright and other intellectual property rights in the Videos; and
4. Granted to Defendants the exclusive right, license and permission to freely utilize and exploit the Videos in any manner.

After she had entered into the Agreements and transferred away all of her rights in the Videos to Defendants, and separately licensed all those rights to Defendants, Plaintiffs attempted

to unilaterally rescind the Agreements (impermissible as a matter of law, as discussed in the Motion to Dismiss). Defendants' exploitation of the Videos was *de minimis*, and generated an estimated total revenue of approximately sixteen dollars ($16). Plaintiffs admit in their verified complaint that the Videos have not been registered with the U.S. Copyright Office, and therefore any damages—were they not barred in their entirety—would be limited to those $16. 17 U.S.C. § 412.

C. **Legal Issues**

As discussed in greater detail in Defendants' Motion to Dismiss, Plaintiffs cannot maintain this action as a matter of law. First, they have failed to register the copyrighted works at issue, a prerequisite to suit. 17 U.S.C. § 411. Second, their claims are barred in their entirety by the above-referenced Agreements, which make Defendants copyright owners or, at a minimum, licensees or co-owners in the Videos. Third, Plaintiffs' claims for statutory damages and attorneys' fees are barred by virtue of their failure to register those works. 17 U.S.C. § 412.

D. **Motions**

Defendants have filed both a Motion to Dismiss and a Motion to Transfer (the "Motions"). Plaintiffs' oppositions to those Motions were required to be filed no later than December 18, 2017, but no oppositions were filed by that date. Instead, Plaintiffs did not file oppositions until December 28, 2017. The hearing on Defendants' Motions is currently set for January 10, 2018 at 2:00 p.m.

If this action is not fully resolved through Defendants' Motions, Defendants anticipate filing a Motion for Summary Judgment. In addition, Defendants anticipate that they may file a motion to have Plaintiffs declared vexatious litigants.

E. **Amendment of Pleadings**

The defects in Plaintiffs' complaint cannot be cured by amendment, as outlined in greater detail in Defendants' Motion to Dismiss.

F. **Evidence Preservations**

Defendants have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). Defendants attempted, on numerous occasions, to meet in

good faith with Plaintiffs pursuant to Federal Rule of Civil Procedure 26(f) and to discuss those issues raised in the Standing Order for all Judges of the Northern District of California ("N.D. Cal. Standing Order"). Defendants' efforts were rebuffed by Plaintiffs, who stated that they did not want to substantively meet and confer and instead insisted that Defendants insert their statements in a Joint Case Management Statement (sent to Defendants' counsel in a Word document). Defendants reiterated their insistence that Plaintiffs were obligated to engage in a good faith meet and confer process, to no avail, and reluctantly agreed to insert Plaintiffs' statements into this Joint Case Management Statement in the form in which had been sent to Defendants.

**G.　Disclosures**

Defendants served their Initial Disclosures as required by Rule 26 of the Federal Rules of Civil Procedure on January 2, 2018.

**H.　Discovery**

No discovery has been taken to date. As discussed above, Defendants' efforts to substantively meet and confer with Plaintiffs on the issues identified in the N.D. Cal. Standing Order were rejected, and therefore, despite Defendants' best efforts, the parties have not met and conferred regarding entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Federal Rule of Civil Procedure 26(f), or regarding any identified discovery disputes. To the extent this action survives beyond the motion to dismiss stage, however, Defendants do not anticipate that discovery will be substantial in this case, and do not anticipate the need to limit or modify the discovery rules.

**I.　Class Actions**

This is not a class action.

**J.　Related Cases**

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**K.　Relief**

Defendants do not believe that Plaintiffs will succeed in establishing any liability, particularly for those reasons discussed in their Motion to Dismiss. However, if Plaintiffs were

4850-9183-5737　　　　　　　　　　　　　　　　4
DEFENDANTS' CASE MANAGEMENT STATEMENT
CASE NO. 3:17-CV-05742-WHO

able to establish liability, damages in this action would be minimal. Defendants' exploitation of the Videos resulted in an estimated $16 in revenue. Plaintiffs are barred from seeking statutory damages or attorneys' fees as a result of their failure to register the copyrighted works at issue. 17 U.S.C. § 412. As such, Plaintiffs are limited to seeking their actual damages, if any. Accordingly, Plaintiffs' damages, if any, will be very insignificant.

If this case were to proceed beyond Defendants' Motion to Dismiss, Defendants will likely assert counterclaims against Mrs. Stavrinides for breach of contract and seek an indemnification and defense from her. Defendants' breach of contract claim would be based on Mrs. Stavrinides' material breaches of multiple representations and warranties that she made in the Agreements under penalty of perjury, including that she was the sole and exclusive owner of the Videos, including the copyright rights therein. Mrs. Stavrinides also agreed, in the Agreements, to indemnify, defend, and hold harmless the Defendants for any action arising out of (i) a breach of her representations and warranties in the Agreements or (ii) use by the Defendants of the rights and permissions granted by her in those Agreements.

**L.    Settlement and ADR**

It is abundantly clear that Plaintiffs' case has no merit as a matter of law and that this is a frivolous case. Defendants are currently unable to ascertain the prospects for settlement. As discussed in prior sections, Defendants' efforts to discuss those issues in the N.D. Cal. Standing Order were rejected by Plaintiffs, and therefore the parties have not discussed a specific ADR plan for the case. Defendants believe that this case will be resolved in Defendants' favor via a dispositive motion, whether via their currently-pending Motion to Dismiss or on summary judgment.

**M.    Consent to Magistrate Judge for All Purposes**

Plaintiffs have not consented to a Magistrate. (*See* Dkt No. 5.)

**N.    Other References**

This case is not suitable for reference to a binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

/ / /

**O.  Narrowing of Issues**

The parties have not identified any issues that can be narrowed by agreement or motion. Without waiving their right to present evidence in the form that the Defendants believe to be most accurate, if this case were to proceed to trial, Defendants believe that the presentation of evidence at trial may be expedited through stipulated facts. Defendants do not request to bifurcate issues, claims, or defenses.

**P.  Expedited Trial Procedure**

This is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**Q.  Scheduling**

Defendants believe that, absent dismissal, this case should be transferred to the Central District of California, and therefore that the discovery plan should be set by the court upon transfer. However, in the event that this case remains before this Court, Defendants propose the following discovery plan:

| Event | Proposed Date |
| --- | --- |
| Last day to make initial disclosure of experts | July 2, 2018 |
| Last day to disclose rebuttal experts | August 2, 2018 |
| Discovery cut-off | August 31, 2018 |
| Last day to hear pre-trial dispositive motions | December 14, 2018 |
| Pre-trial conference | January 10, 2019 |
| Trial | February 11, 2019 |

**R.  Trial**

Plaintiffs have demanded a trial by jury. Defendants anticipate that, should this case reach trial, trial of this matter will require 3-4 court days.

**S.  Disclosure of Non-Party Interested Entities or Persons**

Defendants have filed their "Certification of Interested Entities or Persons" required by Local Rule 3-15. There are no additional interested parties not named in this action.

/ / /

**T.** **Professional Conduct**

All attorneys of record for Defendants have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**U.** **Other Matters**

At this time, the parties have not identified any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

DATED: January 3, 2018

KELLEY DRYE & WARREN LLP
David E. Fink
Andreas Becker

By:    /s/ David E. Fink
     David E. Fink
Attorneys for Defendants
Vin Di Bona and Cara Communications Corporation

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 10100 Santa Monica Boulevard, Twenty-Third Floor, Los Angeles, California 90067-4008.

On January 3, 2018, I served true copies of the following document(s) described as

**DEFENDANTS VIN DI BONA AND CARA COMMUNICATIONS CORPORATION'S CASE MANAGEMENT STATEMENT**

on the interested parties in this action as follows:

**Elias Stavrinides**
1077 Hawthorne Circle
Rohnert Park, CA 94928
PRO SE

**Kristi Stavrinides**
1077 Hawthorne Cir.
Rohnert Park, CA 94928
PRO SE

☒ **BY MAIL:** I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Kelley Drye & Warren LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 3, 2018, at Los Angeles, California.

_____
Carla K. Rossi

4815-3139-5929