**EXHIBIT B**

**EXHIBIT B**

# Becker, Andreas

| | |
|---|---|
| **From:** | Ron Cupp <ronc2009@gmail.com> |
| **Sent:** | Tuesday, December 19, 2017 2:10 PM |
| **To:** | Becker, Andreas; 'Eliass and Kristi Stavrinides'; 'Kristi Stavrinides' |
| **Subject:** | RE: Elias Stavrinides, et al. v. Vin Di Bona, et al., Case No. 3:17-cv-05742-WHO -- Rule 26(f) Conference |
| **Attachments:** | CMC outline 12-19-17.docx |

Please insert our position and items in the joint CMC statement and send me final copy. Please file for both of us. Thank you

---

**From:** Becker, Andreas [mailto:ABecker@KelleyDrye.com]
**Sent:** Monday, December 18, 2017 6:22 PM
**To:** 'Punchdrunk76@gmail.com'; 'kstavrinides@aol.com'
**Cc:** 'ronc2009@gmail.com'; Fink, David; Rossi, Carla
**Subject:** Elias Stavrinides, et al. v. Vin Di Bona, et al., Case No. 3:17-cv-05742-WHO -- Rule 26(f) Conference


Dear Mr. and Mrs. Stavrinides:

As you know, we are counsel for Defendants Vin Di Bona and Cara Communications Corporation in the matter *Elias Stavrinides, et al. v. Vin Di Bona, et al.*, Case No. 3:17-cv-05742-WHO (N.D. Cal.).  The Court previously set a Case Management Conference for January 9, 2018 (Dkt No. 9) and, in accordance with Federal Rule of Civil Procedure 26(f)(1), the Parties are obligated to confer at least 21 days before that scheduling conference – *i.e.*, by tomorrow.  For your convenience, we attach a copy of the Standing Order for All Judges in the Northern District of California, which outlines the topics to be discussed by the parties.

Please let us know your availability for a call tomorrow.  We are available at your convenience after 1:30 p.m. tomorrow.

We look forward to speaking with you.

Best,
Andreas


**ANDREAS BECKER**
Associate

**Kelley Drye & Warren LLP**
10100 Santa Monica Boulevard, 23rd Floor
Los Angeles, CA 90067
Tel: (310) 712-6145

WWW.KELLEYDRYE.COM

abecker@kelleydrye.com

1

The information contained in this E-mail message is privileged, confidential, and may be protected from disclosure; please be aware that any other use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction. If you think that you have received this E-mail message in error, please reply to the sender.

This E-mail message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened. However, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Kelley Drye & Warren LLP for any loss or damage arising in any way from its use.

1. **Jurisdiction and Service**

This Court has subject matter jurisdiction over the claims made by Plaintiff Elias Stavrinides ("Plaintiff") and has supplemental jurisdiction over Plaintiff's claims under the California supplemental jurisdiction over the subject matter of the Second through Fourth Claims for relief as these claims are so related to the federal claim that they form part of the same case or controversy and that jurisdiction arises under Cal. Civ. Pro. §410.10. Defendants conduct business in the state of California and therefore, personal jurisdiction is established.

2. **Facts**

Plaintiffs claim defendants, each of them, stole or used without permission or authorization Plaintiffs video property. Plaintiff submitted to AFV (Defendants) an application over their cell phone, unable to read the fine print. Plaintiff immediately revoked signature and permission via separate correspondence. Defendants continued to try and entice Plaintiffs to submit to them, Plaintiffs refused. Defendants sent separate correspondence and authorization forms to attempt to entice Plaintiffs (Elias Stavrinides-the shooter of the video) to authorize Defendants to be able to use Plaintiffs property. Plaintiffs have never agreed. Several months later a friend of Plaintiffs sent to Plaintiff video that had used Plaintiffs property (video's) in them. Defendants claim Plaintiffs gave irrevocable authorization to use the property and deny the Plaintiffs claim.

3. **Legal Issues**

Theft of video property, copyright infringement, by Defendants who knowingly and intentionally used the property without authorization and never informed Plaintiffs. Unfair Business Practices Act Defendants' and each of them have engaged in fraudulent, deceptive, unfair and wrongful conduct by utilizing PLAINTIFFS' copyrighted materials and property in products which they develop, produce and market without their permission. Defendants have engaged in said conduct since approximately July 20, 2016. Accounting and Declaratory Relief.

4. **Motions**

Defendants have filed two motions, Motion to Dismiss 12b6 and to change venue

5. **Amendment of Pleadings**

Plaintiff will require to be able to amend pleadings after the Motion to Dismiss is heard if so required.

6. **Evidence Preservation**

Plaintiffs has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and has taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

7. **Disclosures**

Plaintiff will not object to allowing Defendants not to providing initial disclosures while its Motion to Dismiss is Pending.

8. **Discovery**

No discovery has been taken . Plaintiff proposes that a discovery plan be set after the Court has ruled on the Motion to Dismiss,

9. **Class Actions**

This is not a class action.

10. **Related Cases**

There is no related case at present.
    **11. Relief**


    **12. Settlement and ADR**
Plaintiffs believe participation in settlement or ADR proceedings will be productive and can be scheduled after ruling on Defendants 12b6 Motion.
    **13. Consent to Magistrate Judge for All Purposes**
The parties have not consented to a Magistrate.
**14. Other References**
Plaintiffs does not believe that other references are appropriate.
**15. Narrowing of Issues**
Defendants has already filed a Motion to Dismiss intended to narrow the issues.
**16. Expedited Trial Procedure**
Plaintiffs do believe that an expedited schedule is appropriate.
**17. Scheduling**
Plaintiffs proposes the following dates:
    **Designation of experts:**
90 days before trial per F.R.C.P. 26(a)(2)(D)(i), and;
30 days after another party's disclosure if evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), per F.R.C.P. 26(a)(2)(D)(ii).
    **Discovery cutoff:**
Plaintiff proposes 6 months from the date of the case management conference.
    **Hearing of dispositive motions:**
Plaintiffs proposes that the deadline for filing dispositive motions be set 30 days after discovery closes.
    **Pretrial conference:**
Plaintiffs proposes that the pretrial conference be set 120 days after the close of discovery.
    **Trial:**
Plaintiffs proposes that trial be set 30 days after the pretrial conference.
**18. Trial**
Plaintiff has demanded a jury trial. The expected length of trial is two to three days.
**19. Disclosure of Non-party Interested Entities or Persons**
Plaintiff has disclosed no interested entities or persons.
Plaintiff has not filed its Certification of Interested Entities or Persons with its first appearance in this matter,
**20. Professional Conduct**

The Plaintiffs are Pro Se and have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: December 19, 2017

                                            s/Elias Stavrinides
                                            for both Plaintiffs in Pro Se